

U.S. Department of Justice

Criminal Division

_____

Washington, D.C. 20530

May 21, 2012

Juan Chardiet, Esq.
Attorney at Law
6665-A Old Dominion Drive
McLean, VA 22101
juanchar@verizon.net

FILED
SEP 25 2012
Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

Re: <u>U.S. v. Scott, 05-cr-122</u>

Dear Mr. Chardiet:

This letter sets forth the full and complete plea offer to your client, William Scott by the Asset Forfeiture and Money Laundering Section (AFMLS) of the Criminal Division of the U.S Department of Justice and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"). This plea offer will expire on June 4, 2012. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

## 1. Charges and Statutory Penalties

Mr. Scott agrees to plead guilty to counts Three, Four and Five of the Indictment (<u>U.S. v. Scott, 05-cr-122</u>), charging him with International Money Laundering, in violation of 18 U.S.C. § 1956(a)(2)(A). Mr. Scott understands that each offense carries a maximum of 20 years of imprisonment, a fine of $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, pursuant to 18 U.S.C. § 1956, a three-year term of supervised release pursuant to 18 U.S.C. § 3583; a $100 special assessment pursuant to 18 U.S.C. § 3013; and an obligation to pay any applicable interest or penalties on fines not timely made.

Mr. Scott further agrees to plead guilty, pursuant to Federal Rule of Criminal Procedure 20, to Count One of Indictment 04 Cr. 851 filed in the United States District Court for the Southern District of New York. Count One charges conspiracy to violate the Wire Wager Act, in violation of 18 U.S.C. §§ 371 and 1084. Mr. Scott understands this offense carries a maximum of two years of imprisonment, a fine of $250,000 pursuant to 18 U.S.C. § 3571; a one-year term of supervised release pursuant to 18 U.S.C. § 3583; a $100 special assessment pursuant to 18 U.S.C. § 3013; and an obligation to pay any applicable interest or penalties on fines not timely made.

In consideration of your client's plea to the above offenses, neither AFMLS nor the USAO-SDNY will criminally prosecute your client for any conduct relating to events described in the attached Statement of Offense. At the conclusion of the sentencing hearing, the Government will move to dismiss the remaining counts of the Indictment. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

## 2. Factual Stipulations

Mr. Scott agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the offenses to which he is pleading guilty. It is anticipated that prior to or during the plea hearing, Mr. Scott will adopt and sign the Statement of the Offense as a written proffer of evidence.

## 3. Sentencing Guidelines Stipulations – 05-cr-122

Mr. Scott understands that the Court will determine the sentence in this case, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2010 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following (per offense):

### A. Offense Level under the Guidelines

| | |
|---|---|
| a. §2S1.1(a)(2) - Base Offense Level | 8 |
| b. §2B1.1 Value of laundered funds is $5,000 or less | 0 |
| c. §2S1.1(b)(2)(B) Specific Offense Characteristics Defendant convicted under 18 U.S.C. §1956 | 2 |
| **TOTAL OFFENSE LEVEL** | **10** |

**Acceptance of Responsibility: 2-point reduction**: Assuming that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

In accordance with the above, the applicable Guidelines Offense Level is 8.

### B. Criminal History Category

Based upon the information now available to this Office, Mr. Scott's Criminal History Category is II.



C.   **Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is 4 to 10 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 8, the applicable fine range is $1,000 to $10,000, pursuant to U.S.S.G. §5E1.2(c).

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

4. **Sentencing Guidelines Stipulations – 04-Cr-851**

Mr. Scott understands that the Court will determine the sentence in this case, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> 2010 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following (per offense):

A.   **Offense Level under the Guidelines**

a. §2E3.1(a)(2) - Base Offense Level          12

**TOTAL OFFENSE LEVEL**                       **12**

**Acceptance of Responsibility: 2-point reduction**: Assuming that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

In accordance with the above, the applicable Guidelines Offense Level is 10.

B.   **Criminal History Category**

Based upon the information now available to this Office, Mr. Scott's Criminal History Category is II.

C.   **Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is 8-14 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 10, the applicable fine range is $2,000 to $20,000.

3



The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### 5. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that your client may seek a sentence outside of that Guideline Range based upon factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice; or (ii) engaged in additional criminal conduct after signing this Agreement.

### 6. Court Not Bound by the Plea Agreement

Mr. Scott understands that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 7. Court Not Bound by the Non-Mandatory Sentencing Guidelines

Mr. Scott understands that the sentence the Court will impose upon him is determined solely by the Court. Mr. Scott understands that the Sentencing Guidelines are not binding on the Court. Mr. Scott acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. Should Mr. Scott ask the Court for a sentence outside of the Guidelines range, the government will not object.



The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, Mr. Scott understands that he cannot withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Appeal Waiver**

Mr. Scott waives any right to file an appeal of any sentence within or below the Stipulated Guidelines Range set forth above. The Government will not appeal any sentence within or above the Stipulated Guidelines Range. The parties agree that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

9. **Forfeiture**

Mr. Scott is a party to a parallel civil forfeiture action and agrees to the entry of a consent order of forfeiture attached as Exhibit 1, for $6,976,934.65 plus interest in that action, captioned U.S. v. $6,976,934.65 Plus Interest Deposited Into Royal Bank of Scotland International, Account Number XXXX-XXXXXXXX, Held in the Name of Soulbury Limited, and Property Traceable Thereto. In return, the Government will dismiss the forfeiture count against Mr. Scott in the indictment in this case and will not seek to forfeit any funds beyond that which is named in the civil action. Furthermore, Mr. Scott, or any alter ego, cannot bring a lawsuit against any third party to recover any or all of the $6,976,934.65 plus interest he has agreed to forfeit. If Mr. Scott, or any alter ego, currently has an action pending against a financial institution or other entity for the amount of funds subject to the parallel civil forfeiture action, he will move to dismiss that action immediately.

10. **Release/Detention**

Your client acknowledges that while the Government will not seek to detain your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

11. **Breach of Agreement**

Mr. Scott acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Mr. Scott knowingly and voluntarily waives the rights which arise under these rules.

Nothing in this Agreement shall be construed to permit Mr. Scott to commit perjury, to make false statements or declarations, to obstruct justice, or to protect him from prosecution for any crimes not included within this Agreement or committed by Mr. Scott after the execution of this Agreement. Mr. Scott understands and agrees that the Government reserves the right to prosecute him for any such offenses. Mr. Scott further understands that any perjury, false

statements or declarations, or obstruction of justice relating to his obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, Mr. Scott will not be allowed to withdraw this guilty plea.

## 12. Waiver of Statute of Limitations

The parties agree that should the conviction following Mr. Scott's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Mr. Scott, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## 13. Complete Agreement

The parties or their counsel have not made any other agreements, promises, understandings, or representations than those contained in writing herein, nor will they enter into any such agreements, promises, understandings, or representations unless committed to writing and signed by Mr. Scott, defense counsel, an attorney for AFMLS, and an attorney for the USAO-SDNY.

Mr. Scott further understands that this Plea Agreement is binding only upon AFMLS and the USAO-SDNY. This plea agreement does not bind the Civil Division of the U.S. Department of Justice, other components of the Criminal Division at the U.S. Department of Justice, or any other United States Attorney's Office, nor does it bind any other state, local or federal prosecutor. It does not bar or compromise any civil, tax or administrative claim pending or that may be made against Mr. Scott.

If the foregoing terms and conditions are satisfactory, Mr. Scott may so indicate by signing this Plea Agreement in the space indicated below and returning the original to us once Mr. Scott and defense counsel have signed it.

Sincerely Yours,

Brian D. Harrison
Trial Attorney
Asset Forfeiture and
  Money Laundering Section
U.S. Department of Justice



I have read this Plea Agreement and discussed it with my attorney, Juan Chardiet, Esq. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am guilty of the offenses listed in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 6/10/2012

William Scott
Defendant

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provision of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 6/13/12

Juan Chardiet, Esq.
Attorney for the Defendant